IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03081-BNB

DOUGLAS WILSON,

    Plaintiff,

v.

ALTERNATE DEFENSE COUNSEL, and
ALISON RUTTENBERG,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Douglas Wilson, is a prisoner in the custody of the Colorado Department of Corrections at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Wilson has filed **pro se** a Prisoner Complaint pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States Constitution have been violated. He seeks damages as relief.

Mr. Wilson has been granted leave to proceed **in forma pauperis** pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action at any time if the claims asserted are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. **See Neitzke v. Williams**, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the action as legally frivolous.

The Court must construe the Prisoner Complaint liberally because Mr. Wilson is

not represented by an attorney in this action.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Prisoner Complaint and other documents reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Mr. Wilson's claims in the Prisoner Complaint arise out of his Colorado state court criminal case.  Mr. Wilson contends that the attorneys appointed to represent him by the Colorado office of alternate defense counsel provided ineffective assistance that resulted in his current conviction.  The named Defendants in this action are the office of alternate defense counsel, which Mr. Wilson names as Alternate Defense Counsel, and Alison Ruttenberg, the attorney appointed to represent Mr. Wilson on direct appeal and in state court postconviction proceedings.

Mr. Wilson may not sue either of the named Defendants in this civil rights action pursuant to 42 U.S.C. § 1983.  The office of alternate defense counsel is an agency of the judicial department of the Colorado state government.  *See* Colo. Rev. Stat. § 21-2-101.  As a result, it is protected by Eleventh Amendment immunity.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).  "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies."  *Ramirez v.*

***Oklahoma Dep't of Mental Health***, 41 F.3d 584, 588 (10th Cir. 1994).  The State of Colorado has not waived its Eleventh Amendment immunity, *see **Griess v. Colorado***, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity.  ***See Quern v. Jordan***, 440 U.S. 332, 340-345 (1979).  Therefore, Mr. Wilson's claims against the office of alternate defense counsel will be dismissed as legally frivolous.

      Mr. Wilson's claims against Ms. Ruttenberg also will be dismissed.  Defense attorneys, whether court-appointed or privately retained, performing the traditional role of attorney for the defendant in a criminal proceeding are not deemed to act under color of state law; such attorneys represent their client only, not the state, and cannot be sued in a § 1983 action.  ***See Polk County v. Dodson***, 454 U.S. 312, 325 (1981); ***Hunt v. Bennett***, 17 F.3d 1263, 1268 (10th Cir. 1994).  Therefore, Mr. Wilson's claims against Ms. Ruttenberg also are legally frivolous and will be dismissed for that reason.  Accordingly, it is

      ORDERED that the Prisoner Complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous.

      DATED at Denver, Colorado, this  9th  day of   December  , 2011.

                                       BY THE COURT:

                                         s/Lewis T. Babcock  
                                       LEWIS T. BABCOCK, Senior Judge  
                                       United States District Court